12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CASCADE GENERAL, INC., a Washington Corporation, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-35136.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1993.
Decided Dec. 9, 1993.
 
 Before: REINHARDT, BRUNETTI, and FERNANDEZ, Circuit Judges
 MEMORANDUM*
 Ship repairer Cascade General, Inc. ("Cascade") appeals the district court's involuntary dismissal of Cascade's suit against the United States. The court ruled, under Fed.R.Civ.Proc. 41(b), that Cascade failed to show any right to relief in presenting its case.
 In reaching this conclusion, the district court interpreted the parties' contract, which it found to be unambiguous. Whether contract language is ambiguous is a question of law which we review de novo, Aetna Casualty & Surety Co. v. Pintlar Corp., 948 F.2d 1507, 1511 (9th Cir.1991), and principles of contract interpretation applied to the facts are also reviewed de novo, L.K. Comstock & Co., Inc. v. United Engineers & Constructors, Inc., 880 F.2d 219, 221 (9th Cir.1989).
 Examining clause 24 of the master agreement between the parties and the testimony presented by Cascade, we too find that the contract was unambiguous. However, we differ diametrically from the district court's conclusion. We hold that in the contract the United States expressly assumed the risk of the sort of fire damage that occurred to the vessel, even if it was caused by the negligence of Cascade's employee. The fire was caused by negligent workmanship, to be sure, that led to damage to the vessel. However, that negligent workmanship did not constitute a defect in the vessel. We thus hold that the district court erred in dismissing Cascade's suit under Rule 41(b).
 Because we find the contract to be unambiguous, we need not reach Cascade's appeal of the district court's exclusion of Pritchard's testimony regarding extrinsic matters. "Extrinsic evidence is inadmissible to contradict a clear contract term." Pierce County Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, B.P.O.E. No. 1450, 827 F.2d 1324, 1327 (9th Cir.1987).
 We reverse the dismissal of Cascade's suit and remand for further proceedings not inconsistent with this memorandum.
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3